Filed 8/24/16  P. v. Suarez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN CARLOS SUAREZ<br><br>    Defendant and Appellant. | B267996<br><br>(Los Angeles County<br>Super. Ct. No. MA062937) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Blanchard and Christopher G. Estes, Judges.  Affirmed.

Juan Carlos Suarez, in pro. per.; and James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Juan Carlos Suarez entered a negotiated plea of no contest to a charge of possessing heroin in prison (Pen. Code, § 4573.6, subd. (a)). In conformity with the plea agreement, the trial court sentenced him to four years, running consecutively to the term he was already serving. Defendant's plea was based on a February 18, 2013 incident in which he tossed aside a folded piece of paper later found to contain 0.80 grams of heroin just before a correctional officer searched him as part of a search of all inmates entering a particular prison building.

Defendant obtained a certificate of probable cause limited to denial of two motions: a motion to dismiss for violation of due process based on charging delay and a motion for discovery to support a motion to dismiss on the ground of discriminatory prosecution. Defendant filed a timely appeal. We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. Defendant thereafter filed a supplemental brief regarding the discovery motion.

Defendant's motion sought production of all incident reports involving allegations of possession of controlled substances in his prison for one year prior to February 18, 2013; a "record of all such incidents that were referred to the District Attorney's office for filing consideration"; a copy of the referral agreement between the prison and the district attorney's office regarding cases arising at the prison; and a record of all cases filed by the Lancaster branch of the district attorney's office for violations of Penal Code section 4573.6, subdivision (a) at the prison in the year prior to February 18, 2013. The declaration of defense counsel in support of the motion stated, on information and belief, that defendant was a member of the Inmate Advisory Council for B-Yard at the prison on or near February 18, 2013. Such advisory councils act as liaisons between inmates and prison administration, forwarding inmates' complaints to administration and seeking remedies therefor. The declaration stated that some advisory council members "complain of being singled out for more frequent body and cell searches than other inmates as retribution for their [Council] activities" and "feel that their participation in the . . .

2

Council is an exercise of their constitutionally protected rights to Freedom of Speech and Freedom of Assembly."

Defendant argues the trial court erred by denying his motion on the grounds the information sought was privileged and involved protected privacy interests without reviewing the documents to see if they could be redacted. He also argues the court erroneously focused on whether inmates who are caught with contraband are prosecuted. The trial court did not abuse its discretion. Discriminatory *prosecution*, not searching, is the basis for and nature of a discriminatory prosecution motion. Counsel's declaration addressed discriminatory searching of council members, not discriminatory prosecution. That is why the trial court addressed the necessity of focusing on whether inmates who are caught with contraband are *prosecuted.* Defendant failed to make the required showing of some evidence tending to show both discriminatory effect and discriminatory intent. (*People v. Superior Court* (*Baez*) (2000) 79 Cal.App.4th 1177, 1187.) With respect to discriminatory effect, he was required to " 'produce some evidence that similarly situated defendants . . . could have been prosecuted, but were not . . . .' " (*Id.* at p. 1190, quoting *United States v. Armstrong* (1996) 517 U.S. 456, 469.) Thus, defendant was required to show that other inmates who were not council members who could have been prosecuted for possession of controlled substances in prison were not prosecuted, not that council members were searched more often. In addition, defendant was required to produce some evidence of discriminatory intent. Because the discovery motion lacked the required evidentiary support, the trial court properly denied it.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

LUI, J.

We concur:

CHANEY, Acting P. J.

JOHNSON, J.

4